UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENTON DWAYNE THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF WASHINGTON,<br><br>　　　　　Defendant. | CASE NO. 3:25-cv-05158-JNW-DWC<br><br>ORDER DECLINING SERVICE AND TO SHOW CAUSE |

Plaintiff Brenton Dwayne Thompson, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Dkts. 4, 5. Having reviewed and screened Plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve the complaint and, instead, orders Plaintiff to show cause why his complaint should not be dismissed for failure to identify a proper defendant and under the *Younger* abstention doctrine.

## I.  BACKGROUND

Plaintiff, who is currently incarcerated at Stafford Creek Corrections Center, initiated this § 1983 action concerning an ongoing postconviction challenge in state court. Dkt. 5 at 4–6. In particular, Plaintiff alleges the destruction of transcripts relating to his underlying state-court

conviction is preventing him from receiving an "adequate and effective" postconviction review. *Id.* at 5. Plaintiff seeks declaratory relief and a court order staying his ongoing state court proceedings and directing Defendant State of Washington to "reconstruct" the destroyed transcripts. *Id.* at 10–11.

## II.   SCREENING STANDARD

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

To sustain a 42 U.S.C. § 1983 claim, a plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

After screening a *pro se* complaint, the Court must generally grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be cured through amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 2

leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). However, if the claims put forth in the complaint lack any arguable substance in law or fact, then the Court should dismiss the complaint as frivolous and without leave to amend. 28 U.S.C. § 1915A(b); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### III.   DISCUSSION

Upon review, the Court finds Plaintiff's complaint is deficient for failure to identify a proper defendant and under the *Younger* abstention doctrine.

**A.   Improper Defendant**

First, the sole defendant named in the complaint is the State of Washington, which is not a proper defendant in this action. Dkt. 5 at 3. As noted above, § 1983 provides a cause of action for constitutional deprivations proximately caused by "persons" while "acting under color of state law." *West*, 487 U.S. at 48. For § 1983 purposes, however, a state is not a "person*." See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment to the United States Constitution bars individuals from suing a state in federal court without the state's consent, and there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. See U.S. Const. amend. XI; *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.").

As the State of Washington cannot be sued under § 1983 and is immune from suit in federal court, the Court finds it unlikely Plaintiff will be able to cure this deficiency by amending

his pleadings. Even if Plaintiff were able to identify an alternative defendant for his claim, it remains unlikely he will be able to state a viable claim for relief in light of his deficiencies under the *Younger* abstention doctrine.

**B.      *Younger* Abstention Doctrine**

As Plaintiff's request for a court order staying his ongoing appeal in state court would require federal intervention in state court proceedings, the request is barred by the *Younger* abstention doctrine. Generally, the federal courts will not intervene in a pending state court proceedings absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine requires a federal court to abstain from interference with pending state judicial proceedings when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Where these factors are met, federal court must abstain unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Arevalo v. Hennessy*, 882 F.3d 763, 766 (9th Cir. 2018).

All the *Younger* criteria are satisfied here. First, Plaintiff is state prisoner with ongoing post-conviction proceedings in state court. Second, as these proceedings involve a state criminal prosecution, they implicate important state interests. *Younger*, 401 U.S. at 43–44; *Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995) ("[I]t is axiomatic that a

state's interest in the administration of criminal justice within its borders is an important one"). Third, Plaintiff has failed to allege facts showing he has been denied an adequate opportunity to address the constitutional violations alleged in his ongoing state court proceedings. Rather, Plaintiff's allegations indicate he has challenged in state court the same matters raised here. *Id.* at 5. Fourth, Plaintiff requests an order staying his ongoing appeal in state court. If this Court were to conclude that Plaintiff was entitled to such relief, this would have the practical effect of enjoining his ongoing state court proceedings.

Accordingly, *Younger* abstention appears to apply in this case, and Plaintiff must therefore show cause why this action is not subject to dismissal.

## IV.  INSTRUCTIONS TO PLAINTIFF

Due to the deficiencies described above, the Court will not serve Plaintiff's complaint. Instead, if Plaintiff intends to pursue this § 1983 civil rights action, he must show cause why this action should not be dismissed for failure identify a proper defendant and under the *Younger* abstention doctrine. If Plaintiff fails to respond to this order or show cause on or before April 24, 2025, the undersigned will recommend dismissal of this action.

Dated this 25th day of March, 2025.

David W. Christel
United States Magistrate Judge

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 5