UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENTON DWAYNE THOMPSON,

    Plaintiff,

v.

STATE OF WASHINGTON,

    Defendant.

CASE NO. 3:25-cv-05158-JNW-DWC

REPORT AND RECOMMENDATION

Noting Date: May 5, 2025

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Plaintiff Brenton Dwayne Thompson, a state prisoner proceeding *pro se* and *in forma pauperis*, initiated this action concerning an ongoing postconviction challenge in Washington state court. Dkts. 4, 6.[1] After screening the complaint under 28 U.S.C. § 1915A, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to identify a proper defendant and under the *Younger* abstention doctrine. Dkt. 5. Plaintiff

---

[1] Initially, the complaint was docketed as a "proposed complaint" attached to Plaintiff's IFP application. Dkt. 1-1. After IFP status was granted, the Clerk's Office entered the complaint in a separate docket entry. Dkt. 6. Although the complaint's separate docket entry appears on the docket after the Court's show cause order, it is not a new filing by Plaintiff. *Compare* Dkt. 1-1 *with* Dkt. 6.

REPORT AND RECOMMENDATION - 1

responded to the Court's show cause order but fails to demonstrate that this action is not subject to dismissal under *Younger*. Dkt. 7. Therefore, the undersigned recommends this action be dismissed without prejudice.

## I. BACKGROUND

Plaintiff is currently confined at Stafford Creek Corrections Center. *See* Dkt. 6. In his complaint, Plaintiff alleges the destruction of transcripts relating to his underlying state-court conviction is preventing him from receiving an "adequate and effective" postconviction review. *Id.* at 5. Plaintiff seeks declaratory relief and a court order staying his ongoing state court proceedings and directing Defendant State of Washington to "reconstruct" the destroyed transcripts. *Id.* at 10–11.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

To sustain a 42 U.S.C. § 1983 claim, a plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff must

provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

After screening a *pro se* complaint, the Court must generally grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be cured through amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). However, if the claims put forth in the complaint lack any arguable substance in law or fact, then the Court should dismiss the complaint as frivolous and without leave to amend. 28 U.S.C. § 1915A(b); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### III.  DISCUSSION

After screening the complaint, the Court ordered Plaintiff to show cause why this action should not be dismissed for two reasons: (1) the State of Washington, which is the sole defendant in this action, is not a "person" that can be sued under § 1983 and is absolutely immune from suit in federal court and (2) the Court is precluded from intervening in Plaintiff's ongoing state-court proceedings under the *Younger* abstention doctrine. Dkt. 5 at 3–5. The Court noted that, "[e]ven if Plaintiff were able to identify an alternative defendant for his claim, it remains unlikely he will be able to state a viable claim for relief in light of his deficiencies under the *Younger* abstention doctrine." *Id.* at 4.

Plaintiff responded to the Court's show cause order on April 2, 2025. Dkt. 7. In his response, Plaintiff first requests that he be permitted to substitute an individual named "Aurora Bearse" as the defendant in this action. *Id.* at 2. Next, Plaintiff asks that he be permitted to omit

his request to stay his ongoing state-court proceedings in order to cure his *Younger* deficiencies. *Id.* Even assuming that "Aurora Bearse" would be an appropriate defendant in this action, omitting Plaintiff's request for a stay would not cure his deficiencies under *Younger*.

The Court previously explained:

> Generally, the federal courts will not intervene in a pending state court proceedings absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine requires a federal court to abstain from interference with pending state judicial proceedings when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' **or has 'the practical effect of enjoining'** the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Where these factors are met, federal court must abstain unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Arevalo v. Hennessy*, 882 F.3d 763, 766 (9th Cir. 2018).

Dkt. 5 at 4 (emphasis added).

All four *Younger* criteria are satisfied here. First, Plaintiff is state prisoner with ongoing postconviction proceedings in state court. Second, as these proceedings involve a state criminal prosecution, they implicate important state interests. *Younger*, 401 U.S. at 43–44; *Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995) ("[I]t is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one"). Third, Plaintiff has failed to allege facts showing he has been denied an adequate opportunity to address the constitutional violations alleged in his ongoing state court proceedings. Rather, Plaintiff's allegations indicate he has challenged in state court the same matters raised here. Dkt. 6 at 5. Fourth, Plaintiff's requested relief would have the practical effect of enjoining his ongoing state court proceedings. Even without his affirmative request for a stay, Plaintiff asks the Court

REPORT AND RECOMMENDATION - 4

to declare that he is "entitled to a sufficiently complete record on appeal" and direct the "defendant to engage with Plaintiff to attempt to reconstruct the destroyed record." Dkt. 6 at 10–11. In other words, Plaintiff requests that the Court find that, as a matter of federal constitutional law, his ongoing appeal may not continue without the destroyed transcripts being restored. If the Court were to find that Plaintiff was entitled to such relief, this would have the practical effect of enjoining his ongoing state-court proceedings.

Finally, Plaintiff has not shown, either in his complaint or show cause response, that bad faith, harassment, or some other extraordinary circumstance would make abstention inappropriate here. *See* Dkt. 6, 7. Therefore, the *Younger* abstention doctrine applies in this case.

## IV.  CONCLUSION

Having concluded the *Younger* abstention doctrine prohibits this Court from interfering in Plaintiff's ongoing state-court proceedings, the undersigned recommends this action be dismissed without prejudice.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 5, 2025**.

Dated this 18th day of April, 2025.

David W. Christel
United States Magistrate Judge