1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| BRENTON DWAYNE THOMPSON, | CASE NO. 3:25-cv-05158-JNW |
|---|---|
| Plaintiff, | ORDER OVERRULING OBJECTIONS, ADOPTING R&R, AND DISMISSING CASE |
| v. | |
| STATE OF WASHINGTON, | |
| Defendant. | |

## 1. INTRODUCTION

This matter comes before the Court on pro se Plaintiff Brenton Dwayne Thompson's Objections to the Report and Recommendation of Magistrate Judge David W. Christel. Dkt. No. 13. Having closely reviewed the Objections, the Report and Recommendation (R&R), the record in this proceeding and Thompson's state-level proceeding, and the governing law, the Court, for the reasons explained below, FINDS that *Younger* abstention precludes jurisdiction over this lawsuit. Thus, the Court OVERRULES Thompson's Objections, ADOPTS the R&R in full, and DISMISSES this action in its entirety WITHOUT PREJUDICE.

ORDER OVERRULING OBJECTIONS, ADOPTING R&R, AND DISMISSING CASE - 1

## 2. BACKGROUND

Brenton Dwayne Thompson, who is currently incarcerated at Stafford Creek Corrections Center following a state-court criminal conviction, initiated this matter on February 25, 2025, by filing his Motion for Leave to Proceed in Forma Pauperis (IFP), along with a proposed complaint. Dkt. No. 1. The complaint asserts a Fourteenth Amendment Equal Protection and Due Process claim against the State of Washington, alleging that the destruction of trial-court transcripts relating to Thompson's state-court criminal proceedings—and the subsequent failure or refusal of the state-court system to remedy that destruction—has resulted in the denial of Thompson's right to an "adequate and effective" postconviction review. *See* Dkt. No. 6. As relief, the complaint seeks "this Court's declaration that [Thompson] is entitled to a sufficiently complete record on appeal"; "a stay of the state court appeal"; and "this Court's order for [the State of Washington] to engage with [Thompson] to attempt to reconstruct the destroyed record." *Id.*

On March 25, U.S. Magistrate Judge David W. Christel reviewed Thompson's complaint under 28 U.S.C. § 1915, which requires federal district courts to dismiss IFP complaints that fail to state a claim upon which relief may be granted. Dkt. No. 4. Judge Christel's initial review identified two defects in Thompson's complaint. First, the complaint names an improper defendant. *See id.* at 3–4 ("[T]he State of Washington cannot be sued under § 1983 and is immune from suit in federal court[.]"). Second, the complaint seeks injunctive relief that will have the effect of enjoining an ongoing state proceeding and is therefore barred under the doctrine of *Younger* abstention. *See id.* at 4–5. On these bases, Judge Christel determined that

the Court "will not serve Plaintiff's complaint" and ordered Thompson to "show cause why this action should not be dismissed for failure to identify a proper defendant and under the *Younger* abstention doctrine." *Id.* at 5.

On April 2, 2025, Judge Christel reviewed Thompson's application for IFP status and determined that because Thompson could not pay the filing fee, he was entitled to proceed IFP. Dkt. No. 5. In accordance with 28 U.S.C. § 1915—the principal statute governing IFP litigation—Judge Christel's Order explained that "an initial partial filing fee will be collected, and Plaintiff is thereafter required to make monthly payments of 20 percent of the preceding month's income credited to his account until the full amount of the filing fee is satisfied." *Id.*

Upon the granting of Thompson's IFP application, his proposed complaint was filed on the docket as the operative complaint. Dkt. No. 6.

On the same day, Thompson responded to the Court's order to show cause. Dkt. No. 7. To cure the improper-defendant issue, Thompson moved "to strike the named defendant, State of Washington, and add/name Aurora Bearse," the Court Commissioner whose appellate ruling Thompson sought to challenge through this action. *Id.* To address the *Younger* abstention issue, Thompson moved "to strike his request for a court order to stay his ongoing state court proceeding." *Id.* He also requested to "stay this action until the conclusion of the state court proceedings giving rise to the instant action." *Id.* Concurrently, Thompson also moved for Court-appointed counsel. Dkt. No. 8.

On April 18, 2025, Judge Christel issued the R&R, concluding that "[e]ven assuming that 'Aurora Bearse' would be an appropriate defendant in this action,

ORDER OVERRULING OBJECTIONS, ADOPTING R&R, AND DISMISSING CASE - 3

omitting Plaintiff's request for a stay would not cure his deficiencies under *Younger*." Dkt. No. 10 at 4; *see also id.* at 5 ("Plaintiff requests that the Court find that, as a matter of federal constitutional law, his ongoing appeal may not continue without the destroyed transcripts being restored. If the Court were to find that Plaintiff was entitled to such relief, this would have the practical effect of enjoining his ongoing state-court proceedings.") Judge Christel further found that "Plaintiff has not shown, either in his complaint or show cause response, that bad faith, harassment, or some other extraordinary circumstance would make abstention inappropriate here." *Id.* On this basis, Judge Christel recommended that this action be dismissed without prejudice. *Id.* At the same time, Judge Christel also denied Thompson's motion for Court-appointed counsel. Dkt. No. 9.

On May 15, 2025, Thompson filed his Objections to the R&R. Dkt. No. 13. The Court addresses Thompson's Objections below.

### 3.  DISCUSSION

**3.1  Legal standard.**

Under Federal Rule of Civil Procedure 72, the Court must resolve de novo any part of the Magistrate Judge's R&R that has been properly objected to, and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); s*ee also* 28 U.S.C. § 636(b)(1).

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court

must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2) (requiring the Court to dismiss IFP cases that fail to state a claim upon which relief may be granted); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

### 3.2    *Younger* abstention prohibits jurisdiction over this case.

Judge Christel's R&R recommends dismissal of this action without prejudice under the *Younger* abstention doctrine, which requires federal district courts to abstain from exercising jurisdiction over claims for equitable relief where: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)); *see generally Younger v. Harris*, 401 U.S. 37 (1971). Where these four factors are met, federal courts must abstain from jurisdiction unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Arevalo*, 882 F.3d at 766.

Here, all four factors are met. First, Thompson does not dispute that his complaint asserts a constitutional challenge to an ongoing state-court proceeding.

Indeed, this Court has reviewed the docket of Thompson's state-court proceedings to confirm that they are, in fact, ongoing. Second, as the proceedings involve a state criminal prosecution, they implicate important state interests. *See Younger*, 401 U.S. at 43–44. Third, Thompson has not alleged any facts to suggest that he has been denied an adequate opportunity to address the constitutional violations alleged in his ongoing state-court proceeding. To the contrary, he has challenged in state court the same matters raised here. *See* Dkt. No. 6 at 5. Fourth, all the relief that Thompson requests would have the practical effect of enjoining his state-court proceeding. Even if, as requested in Thompson's Response to Judge Christel's Order to Show Cause, the Court were to strike from Thompson's complaint his request to stay his state-court proceeding, the remaining requests for relief—(1) to declare that Thompson is "entitled to a sufficiently complete record on appeal," and (2) to order the State of Washington "to engage with [Thompson] to attempt to reconstruct the destroyed record," *see* Dkt. No. 6—would, like the stay request, end up enjoining the ongoing state-court proceeding.

Thompson's Objections do not displace this conclusion. In his Objections, he offers a legal argument on the merits of his claim, citing Supreme Court precedent that indigent criminal appellants are entitled to a "record of sufficient completeness to permit proper consideration of the appellant's claims." Dkt. No. 13 at 3 (citing *Mayer v. City of Chicago*, 404 U.S. 189 (1971)). But because *Younger* abstention applies, this Court does not reach the merits of Thompson's claim. These arguments are thus unavailing.

Thompson also argues, in his Objections, that his complaint must state a claim upon which relief may be granted because Judge Christel "did not dismiss Plaintiff's complaint at the screening stage." Dkt. No. 13 at 2. It is true that Judge Christel granted Thompson's IFP application, thereby, in Thompson's words, "subjecting [Thompson] to the financial burden" of the initial filing fee. Dkt. No. 13 at 2. But the granting of IFP status reflects only a finding of indigency. It neither indicates that a complaint validly states a claim, nor immunizes a complaint from the Court's screening obligations. Under the governing statute, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that… the action… fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). While the Court regrets the financial burden imposed on Thompson by this litigation, the Court is bound to apply the statute and screen the complaint accordingly.

In short, the *Younger* abstention doctrine precludes the relief sought in the complaint. And despite having been given adequate opportunity to do so, Thompson has provided no factual allegations to support a conclusion that an exception to *Younger* applies. Thus, the Court must dismiss this action.

But the Court notes that if Thompson's grievance persists, he is free to re-attempt this constitutional challenge *after* completion of his state proceeding. (In so noting, the Court is not expressing any opinion about the merits of Thompson's claims.) At that point, *Younger* abstention will no longer apply. And because the instant dismissal is *without prejudice*, it will not impede his ability to return to federal court on this claim. Likewise, the Court notes that "a dismissal due to

*Younger* abstention … is not a strike under the [Prison Litigation Reform Act]." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016); *see* 28 U.S.C. § 1915(g).

### 4. CONCLUSION

Because *Younger* abstention prohibits the Court from exercising jurisdiction over this lawsuit, the Court OVERRULES Thompson's Objections, Dkt. No. 13; ADOPTS IN FULL the R&R, Dkt. No. 10; and DISMISSES this case in its entirety WITHOUT PREJUDICE.

The Court DIRECTS the Clerk of Court to ENTER JUDGMENT and CLOSE THIS CASE.

It is so ORDERED.

Dated this 2nd day of July, 2025.

Jamal N. Whitehead
United States District Judge